UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12-cv-175-RJC

| | |
|---|---|
| RODNEY EUGENE JONES, ) | |
| ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| LAWRENCE PARSONS, Administrator, ) | |
| Lanesboro Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Respondent's Motion for Summary Judgment on Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, (Doc. No. 1). In addition to the summary judgment motion by Respondent, the following motions by Petitioner are also pending: Petitioner's Motion to Proceed in Forma Pauperis, (Doc. No. 2); Petitioner's Motion for Evidentiary Hearing and Motion to Appoint Counsel, (Doc. No. 11); and Petitioner's Motion for Demand of Judgment, (Doc. No. 12).

I.  BACKGROUND

Petitioner is a prisoner of the State of North Carolina. On February 21, 2011, in Burke County Superior Court, the Honorable James W. Morgan presiding, Petitioner pled guilty to eluding arrest, larceny of a vehicle, and having achieved habitual felon status, and was sentenced to a mitigated range sentence of 80-105 months imprisonment, in cases 08 CRS 3881 and 6171-72. See (Doc. Nos. 7-2; 7-3; 7-4; 7-5). Petitioner was represented by Richard W. Beyer and did not appeal.

On December 19, 2011, Petitioner filed a pro se motion for appropriate relief ("MAR") in Burke County Superior Court. (Doc. No. 7-6). On December 23, 2011, the Honorable Robert C. Ervin summarily denied the MAR. (Doc. No. 7-7). On January 9, 2012, Petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals. (Doc. No. 7-8). On January 20, 2012, the North Carolina Court of Appeals denied certiorari. (Doc. No. 7-10). On May 4, 2012, Petitioner filed a second pro se MAR in Burke County Superior Court. (Doc. No. 7-11). On May 30, 2012, Judge Ervin summarily denied the MAR. (Doc. No. 7-12). On June 11, 2012, Petitioner filed a second pro se certiorari petition in the North Carolina Court of Appeals. (Doc. No. 7-13). On June 18, 2012, certiorari was denied. (Doc. No. 7-15).

On July 6, 2012, Petitioner filed the instant Section 2254 petition, alleging the following grounds for relief: (1) violation of equal protection of law under N.C. Gen. Stat. § 15A-1415(b)(7) and the Fourteenth Amendment because the 2009 amendments to the Structured Sentencing Act grids should be applied retroactively to him; (2) erroneous calculation of prior record level points; (3) involuntary guilty plea because he was taking Halcion, a psychotic medication for Bipolar disorder; and (4) defective criminal indictment for the habitual felon charge that was never served. Respondent filed the pending summary judgment motion on December 12, 2012. On December 18, 2012, the Court entered an Order in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). On December 28, 2012, Petitioner filed his response to the summary judgment motion. Thus, the pending summary judgment motion is ripe for disposition.

**II.     STANDARD OF REVIEW**

    A.     Summary Judgment Standard

Summary judgment is appropriate where there is no genuine dispute as to any material

2

fact, and it appears that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991).  Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986).  Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, summary judgment is appropriate.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

    B.    Section 2254 Standard

In addition to the motion for summary judgment standard set forth above, this Court must also consider the requirements set forth in 28 U.S.C. § 2254.  Section 2254(d) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A claim is considered "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Young v. Catoe, 205 F.3d 750, 755 (4th Cir. 2000) (quoting Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999)).  A state court adjudication is "contrary to" clearly established federal law only if "the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S.

3

362, 412-13 (2000). "It is not enough for us to say that, confronted with the same facts, we would have applied the law differently; we can accord [the petitioner] a remedy only by concluding that the state court's application of the law in his case was objectively unreasonable." See Tice, 647 F.3d at 103 (citing Williams v. Ozmint, 494 F.3d 478, 483-84 (4th Cir. 2007)). "[W]e will not discern an unreasonable application of federal law unless 'the state court's decision lies well outside the boundaries of permissible differences of opinion.'" Id. at 108 (quoting Goodman v. Bertrand, 467 F.3d 1022, 1028 (7th Cir. 2006)).

**III.   DISCUSION**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In addition, the one-year limitations period is tolled during pendency of a properly filed state post-conviction proceeding. See 28 U.S.C. § 2244(d)(2).

Because Petitioner pled guilty and received a correct, lawful sentence, with a minimum term falling within the mitigated range for his Class C habitual felon status, his case became final

4

when the trial court entered judgment on February 21, 2011.[1]  See N.C. GEN. STAT. § 15A-1444(a1) (limited right to appeal after guilty plea).  The one-year limitations period then ran for 301 days until Petitioner filed his first MAR on December 19, 2011.  The one-year limitations period remained tolled until the North Carolina Court of Appeals denied Petitioner's petition for certiorari on January 20, 2012.  The limitations period then resumed on January 20, 2012, and fully expired 64 days later on Monday, March 26, 2012 (March 24, 2012 fell on a Saturday).  Because Petitioner did not file the instant Section 2254 petition until July 6, 2012, the petition is barred by the one-year limitations period pursuant to 28 U.S.C. § 2244(d)(1).  Furthermore, the filing of Petitioner's second MAR and other motions after the one-year limitations period had already run did not revive the already expired one-year period of limitation.  See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (concluding that the Section 2254 petition was "clearly time-barred," where the petitioner had moved for post-conviction relief in state court only after the time limitation had expired).

    In sum, the petition is time-barred.  Furthermore, in his response to the summary judgment motion, Petitioner does not assert any grounds for equitable tolling, and the Court finds that none exist.  See Holland v. Florida, 130 S. Ct.  2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (noting that the AEDPA's statute of limitations is subject to equitable tolling where the petitioner can establish "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing").  Thus, the Court will grant Respondent's summary judgment motion and dismiss the petition.

---

[1] Even if Petitioner had the right to appeal within fourteen days of the judgment date under North Carolina law, thus making the final conviction date March 7, 2011, the petition is still time-barred.  See N.C. R. App. P. 4(a)(2).

5

## IV. CONCLUSION

For the reasons stated herein, the Court will deny Petitioner's Section 2254 petition as time-barred. The Court grants Respondent's summary judgment motion. Furthermore, as to the remaining motions, Petitioner's Motion to Proceed in Forma Pauperis, (Doc. No. 2), is denied as moot because Petitioner paid the $5.00 filing fee on December 12, 2012. Petitioner's Motion for Evidentiary Hearing and Motion to Appoint Counsel, (Doc. No. 11), and Petitioner's Motion for Demand of Judgment, (Doc. No. 12), are both denied as moot.

**IT IS, THEREFORE, ORDERED** that:

(1) Respondent's Motion for Summary Judgment, (Doc. No. 6), is **GRANTED**.

(2) Petitioner's Motion to Proceed in Forma Pauperis, (Doc. No. 2) is **DENIED** as moot because Petitioner paid the $5.00 filing fee on December 12, 2012.

(3) Petitioner's Motion for Evidentiary Hearing and Motion to Appoint Counsel, (Doc. No. 11), and Petitioner's Motion for Demand of Judgment, (Doc. No. 12), are both **DENIED** as moot.

(4) Petitioner's Section 2254 petition is denied and dismissed as untimely. The Clerk is instructed to terminate this case. The Clerk of Court is also instructed to serve a copy of this Order and the petition on Respondent as well as the Attorney General of North Carolina, and note the manner of such service in the record.

(5) It is further ordered that, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

6

Case 1:12-cv-00175-RJC   Document 13   Filed 01/23/13   Page 6 of 7

## IV. CONCLUSION

For the reasons stated herein, the Court will deny Petitioner's Section 2254 petition as time-barred. The Court grants Respondent's summary judgment motion. Furthermore, as to the remaining motions, Petitioner's Motion to Proceed in Forma Pauperis, (Doc. No. 2), is denied as moot because Petitioner paid the $5.00 filing fee on December 12, 2012. Petitioner's Motion for Evidentiary Hearing and Motion to Appoint Counsel, (Doc. No. 11), and Petitioner's Motion for Demand of Judgment, (Doc. No. 12), are both denied as moot.

**IT IS, THEREFORE, ORDERED** that:

(1) Respondent's Motion for Summary Judgment, (Doc. No. 6), is **GRANTED**.

(2) Petitioner's Motion to Proceed in Forma Pauperis, (Doc. No. 2) is **DENIED** as moot because Petitioner paid the $5.00 filing fee on December 12, 2012.

(3) Petitioner's Motion for Evidentiary Hearing and Motion to Appoint Counsel, (Doc. No. 11), and Petitioner's Motion for Demand of Judgment, (Doc. No. 12), are both **DENIED** as moot.

(4) Petitioner's Section 2254 petition is denied and dismissed as untimely. The Clerk is instructed to terminate this case. The Clerk of Court is also instructed to serve a copy of this Order and the petition on Respondent as well as the Attorney General of North Carolina, and note the manner of such service in the record.

(5) It is further ordered that, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: January 23, 2013

Robert J. Conrad, Jr.
Chief United States District Judge