# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:12-cv-175-RJC

| | |
|---|---|
| **RODNEY EUGENE JONES,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **LAWRENCE PARSONS, Administrator,** ) | |
| **Lanesboro Corrrectional Institution,** ) | |
| ) | |
| **Respondent.** ) | |

**THIS MATTER** comes before the Court on Petitioner's Motion for Relief from Order of Judgment, (Doc. No. 16), and on Petitioner's Amendment to Motion for Relief from Order of Judgment, (Doc. No. 17). For the reasons that follow, the Court finds that the pending motion for relief from order of judgment and the accompanying amendment are unauthorized, successive petitions.

## I. BACKGROUND

Petitioner filed the pending motion for relief and the amendment to the motion on April 22, 2013 and April 25, 2013, respectively, seeking to have this Court review the Court's Order dismissing Petitioner's 28 U.S.C. § 2254 habeas petition as time-barred. In Petitioner's motion and the accompanying amendment, Petitioner contends, among other things, that his sentence was imposed in violation of his equal protection rights because other, similarly situated prisoners were given shorter sentences.[1]

---

[1] Petitioner also argues in conclusory fashion that the Court should not have found that the petition was time-barred. This contention by Petitioner does not constitute a successive petition

1

## II. DISCUSSION

Under Rule 60(b) of the Federal Rules of Civil Procedure, where a petitioner seeks relief from a judgment under Rule 60(b) on grounds other than clerical mistake, courts must treat such a motion as seeking successive post-conviction relief when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.[2] United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (requiring district courts to review Rule 60(b) motions to determine whether such motions are tantamount to a § 2255 motion). With regard to Rule 60(b) motions that are actually attempts at successive collateral review, the Fourth Circuit has stated that:

> a motion directly attacking the prisoner's conviction or sentence will usually

---

because it is addressing this Court's adjudication that the § 2254 petition is time-barred. That part of the motion for relief from judgment, however, that contends that the state sentencing court violated Petitioner's equal protection rights by giving him a longer sentence than similarly situated prisoners clearly constitutes a successive petition.

[2] Federal Rule of Civil Procedure 60(b) provides for post-judgment relief where the moving party demonstrates:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

> amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider.

Id. at 207. See also Gonzalez v. Crosby, 545 U.S. 524, 531-33 (2005) (concluding that a Rule 60(b) motion for relief from judgment that directly challenges the underlying conviction constitutes a successive § 2254 petition).

Because Petitioner's instant motion for relief from judgment, and the accompanying amendment, attack his criminal conviction and the validity and length of his sentence, the motion and amendment must be construed as successive § 2254 petitions. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this court will consider any second or successive petition under 28 U.S.C. § 2254. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. Accordingly, the pending motion for relief from judgment and the amendment to the motion for relief from judgment must be dismissed as second or successive petitions. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

### III. CONCLUSION

For the reasons stated herein, Petitioner's Motion for Relief from Order of Judgment and the Amendment to the Motion for Relief are both denied and dismissed as unauthorized, successive § 2254 petitions.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion for Relief from Order of Judgment, (Doc. No. 16), and the Amendment to the Motion for Relief from Order of Judgment, (Doc. No. 17), are both **DENIED** and **DISMISSED** as unauthorized, successive § 2254 petitions.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: May 17, 2013

Robert J. Conrad, Jr.
Chief United States District Judge